UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **CARPARTS.COM, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **NGROUP, INC., a Foreign Corporation,** <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, CARPARTS.COM, INC. ("CARPARTS.COM") by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and complains against Defendant, NGROUP, INC., a Foreign Corporation, ("NGROUP, INC.") and in support states as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendant, NGROUP, INC.'s failure to indemnify, defend, and hold harmless CARPARTS.COM from and against all claims, lawsuits, costs, and repairs, including attorney's fees as provided for under the Parties' Labor Management and Staffing Services Agreement (hereinafter "The Agreement").

2. CARPARTS.COM brings this instant action for (1) Contractual Indemnity, (2) Breach of Contract – Duty to Defend, (3) Breach of Contract, and (4) Declaratory Relief.

### THE PARTIES

3. CARPARTS.COM is a business corporation incorporated under the laws of the State of Delaware with its principal place of business in Torrance, County of Los Angeles, California.

92060201.1

4. Upon information and belief, Defendant, NGROUP, INC., is a business corporation incorporated under the laws of the State of South Carolina and regularly conducts business in the State of Illinois, including, but not limited to, business operated out of its LaSalle, Illinois and Peru, Illinois offices.

5. CARPARTS.COM is informed and believes and thereon alleges that, at all times relevant to this Complaint, Frank Perez was an employee of Defendant, NGROUP, INC., and was assigned to work as an order picker at a warehouse located in Grand Prairie, Texas.

6. Alternatively, at all times relevant to this Complaint, Frank Perez was an actual, implied, and/or apparent agent of Defendant, NGROUP, INC.

## **JURISDICTION**

7. This Court has original jurisdiction over this action pursuant to 28 U.S. Code § 1332(a)(1)-(c)(1), because there is complete diversity among the Parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. This Court is the proper Court, and this Complaint is properly filed in the United States District Court Northern District of Illinois because Defendant, NGROUP, INC., has substantial and/or continuous and systematic business contacts through its multiple Illinois facilities operated out of LaSalle, Illinois and Peru, Illinois.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action occurred in this district, and, pursuant to the Parties' Agreement containing an exclusive forum selection clause the Parties entered into freely and at arm's length, which states, in part:

> 18.3 Controlling Law and Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois. Any legal action or proceeding arising out of or in connection with this Agreement shall be brought exclusively in the state or federal courts located in the State of Illinois.

92060201.1

## FACTUAL ALLEGATIONS

10. On March 6, 2020, CARPARTS.COM's predecessor in interest, US Auto Parts Network, Inc. entered into a Labor Management and Staffing Services Agreement ("The Agreement") with Defendant, NGROUP, INC.

11. Defendant, NGROUP, INC., operates as an "insourcing" labor management specialist which implements workforce solutions designed to result in lower fix labor costs, improved output, and reduced workforce management issues.

12. Under The Agreement, Defendant, NGROUP, INC., would provide certain labor and production management services to CARPARTS.COM in positions staffed, managed, and trained by Defendant, NGROUP, INC.

13. Under The Agreement, CARPARTS.COM was to provide facilities and equipment to CARPARTS.COM's staff, including any training and operation manuals necessary to operate the equipment in CARPARTS.COM's facilities and provide a suitable workplace in compliance with all appliable safety and health standards, statutes, and ordinances.

14. Under The Agreement, Defendant, NGROUP, INC., was required to indemnify, defend, and hold harmless CARPARTS.COM from and against all claims, lawsuits, costs, and repairs, including attorney's fees ("Damages") imposed upon or incurred by CARPARTS.COM if they arise out of the following:

    a. Defendant, NGROUP, INC.,'s failure to comply with applicable laws, regulations, or orders, and any negligent act or omissions or intentional misconduct by Defendant, NGROUP, INC.;

    b. A breach of any obligation of Defendant, NGROUP, INC., contained in The Agreement; and

92060201.1

      c.      Any direct claim of worker's compensation benefits asserted by Defendant, NGROUP, INC.,'s personnel, or in the event of death, their personal representative.

15.      At all times relevant hereto, The Agreement was in full effect and Defendant, NGROUP, INC., provided personnel, including Frank Perez, pursuant to its terms.

16.      At all times relevant hereto, CARPARTS.COM provided training to various "training personnel" from Defendant, NGROUP, INC., including training on and distribution of the manufacturer's manual for all equipment to be used by Defendant, NGROUP, INC.'s personnel, including Frank Perez.

17.      At all times relevant hereto, Defendant, NGROUP, INC.'s training personnel were then responsible to both train and provide supervision of Defendant, NGROUP, INC.'s employees, including Frank Perez.

18.      As part of The Agreement, CARPARTS.COM provided Defendant, NGROUP, INC.'s personnel with order pickers, which are equipment used to retrieve items from areas of the warehouse that are inaccessible from normal human reach.

19.      Additionally, as part of The Agreement, CARPARTS.COM provided the order picker's safety manual to be dispersed to Defendant, NGROUP, INC.,'s employees who would be working with the order pickers, including Frank Perez.

20.      At all times relevant hereto, the order picker's safety manual's instructions included the following:

      a.      Fall Protection System: do not operate this lift truck unless your personal fall protecting system is in place. Make sure the full body harness is securely fastened to your torso. Then make sure the full body harness is

        securely fastened to the self-retracting lanyard or energy absorber. The lanyard or absorber must be fastened to the tether bar on the overhead guard;

      b.    Keep a safe distance from other lift trucks and objects;

      c.    Operate truck only from operating positions. Keep all portions of your body inside the operator's compartment. Never place any part of your body between the mast uprights or outside the truck;

      d.    Do not operate without fastening the operator restraining device; and,

      e.    Keep all parts of your body within the operator platform while operating the lift truck.

21.    At all times relevant hereto, CARPARTS.COM met all its obligations under The Agreement in full, including providing safe equipment, training courses, and payment to Defendant, NGROUP, INC.

22.    Upon information and belief, pursuant to The Agreement, Defendant, NGROUP, INC., hired Frank Perez on or about January 30, 2021, to work as an order picker at CARPARTS.COM's Grand Prairie, Texas warehouse.

23.    Upon information and belief, on or about March 23, 2021, Frank Perez fell approximately 20 feet from his order picker in CARPARTS.COM's Grand Prairie, Texas warehouse, and allegedly sustained personal injuries (hereinafter "The Incident").

24.    An investigation into The Incident revealed that, while Frank Perez was in his harness, his harness was not tethered to his order picker as required.

25.    On March 25, 2021, a representative from the order picker's manufacturer inspected Frank Perez's order picker and concluded there was no mechanical defect contributing

to Frank Perez's fall, and that the order picker was fully operational, safe to operate, and can be used again.

26. Upon information and belief, on or about March 23, 2021, Frank Perez sustained the aforementioned fall after he backed his order picker next to another picker and untethered his harness from his order picker so he could jump from his order picker onto the other. When Frank Perez jumped backed to his order picker, he landed in an area not supported by the order picker's forks and the pallet the order picker was holding gave way, and Frank Perez fell to the ground.

27. Such conduct departed from the established safety protocols for operating an order picker, which CARPARTS.COM provided to Defendant, NGROUP, INC.'s training personnel.

28. At all times relevant to this Complaint, Defendant, NGROUP, INC., including but not limited to its training personnel, was required to provide Frank Perez with appropriate supervision and training regarding the established safety protocols for operating an order picker pursuant to The Agreement.

29. At all times relevant to this Complaint, Defendant, NGROUP, INC., including but not limited to its training personnel, knew or should have known that it was required to provide Frank Perez with appropriate supervision and training regarding the established safety protocols for operating an order picker pursuant to The Agreement.

30. At all times relevant to this Complaint, Defendant, NGROUP, INC., including but not limited to its training personnel, failed to provide Frank Perez with appropriate supervision and training regarding the established safety protocols for operating an order picker pursuant to The Agreement.

31. Defendant, NGROUP, INC.'s failure to provide Frank Perez with appropriate supervision and/or training regarding the established safety protocols for operating an order picker pursuant to The Agreement constituted negligence.

92060201.1

32. Had Defendant, NGROUP, INC., not been negligent in its training and supervision of Frank Perez, The Incident would not have occurred.

33. Defendant, NGROUP, INC.'s negligence in failing to properly train, supervise, and enforce safety protocols caused The Incident, which is the subject matter of a personal injury action pending in California. (See Frank Perez Complaint at Law, attached hereto as "Exhibit A").

## COUNT I
### For Contractual Indemnity

34. CARPARTS.COM re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs, ¶¶ 1-33, as though fully set forth herein Count I.

35. At all times prior to The Incident and relevant to this Complaint, CARPARTS.COM, which is formally known as US Auto Parts Network, Inc., entered into written agreements with Defendant, NGROUP, INC., that constituted a valid and enforceable contract.

36. At all times prior to The Incident and relevant to this Complaint, pursuant to the valid and enforceable contract, (The Agreement) NGROUP, INC., agreed and contracted to bind itself to indemnify CARPARTS.COM for any and all claims, costs, or damages arising out of or connected in any manner with Defendant, NGROUP, INC.'s furnishing of labor and production management to CARPARTS.COM.

37. The Labor and Management Staffing Services Agreement that covered Plaintiff's employment at CARPARTS.COM's warehouse contained language regarding indemnity owed to CARPARTS.COM by Defendant, NGROUP, INC. This language is as follows:

Indemnification.

17.1 By NGROUP. NGROUP shall indemnify, defend, and hold harmless US AUTOPARTS and its directors, officers, personnel, and agents, from and against all claims, lawsuits, costs and repairs, including attorney's fees (hereafter "Damages") imposed upon or incurred by US AUTOPARTS to the extent they arise out of any of the following:

17.1.1 NGROUP's failure to comply with applicable laws, regulations or orders;

92060201.1

      17.1.2 any negligent act or omission or intentional misconduct on the part of NGROUP;

      17.1.3 breach of any obligation of NGROUP contained in this Agreement; or

      17.1.4 any direct claim for workers' compensation benefits asserted by any NGROUP Personnel or, in the event of death, by their personal representatives.

      17.1.5 Any claim by a government authority for taxes in connection with NGROUP's employment relationship with the NGROUP Personnel.

(See Exhibit A, ¶ 17, page 15).

    38.    Due to the privacy concerns and protection of trade secrets and proprietary information, CARPARTS.COM does not at this time attach a copy of said agreement to this Complaint. Defendant, NGROUP, INC., should already be in possession of a copy of the agreement. CARPARTS.COM hereby incorporates said agreement by reference as though fully set forth herein.

    39.    At all times relevant to this Complaint, The Agreement between CARPARTS.COM and Defendant, NGROUP, INC., was a valid and enforceable contract and in full force and effect.

    40.    CARPARTS.COM has fully and/or substantially performed all covenants, conditions, and obligations required of it to be performed in accordance with the terms and conditions of said agreements, and based thereon, CARPARTS.COM is entitled to full contractual indemnity from Defendant, NGROUP, INC.

    41.    On May 6, 2021, pursuant to the terms of The Agreement, CARPARTS.COM tendered defense of Frank Perez's claim to Defendant, NGROUP, INC.

    42.    On May 19, 2021, Defendant, NGROUP, INC., informed CARPARTS.COM it would not be accepting CARPARTS.COM's tender despite its promise to do so, thus constituting a material breach of The Agreement.

43. As a direct and proximate result of said Defendant, NGROUP, INC.'s, CARPARTS.COM has been damaged in in that they have been forced to expend, and will continue to expend in the future, costs and fees in the defense of this matter for a sum that is currently not ascertainable, but according to proofs, but in no event less than $1,000,000.00.

WHEREFORE, Plaintiff, CARPARTS.COM demands judgment against Defendant, NGROUP, INC, in the amount of $1,000,000.00, along with any applicable interest, costs, and any other such relief as deemed just and proper under the law.

## COUNT II
### For Breach of Contract – Duty to Defend

44. CARPARTS.COM re-alleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs, ¶¶1-43, as though fully set forth herein Count II.

45. CARPARTS.COM, which is formally known as US Auto Parts Network, Inc., entered into written agreements with Defendant, NGROUP, INC., wherein Defendant, NGROUP, INC., agreed and contracted to bind itself to defend CARPARTS.COM from any and all claims, costs, or damages arising out of or connected in any manner with Defendant, NGROUP, INC.'s furnishing of labor and production management to CARPARTS.COM.

46. The pertinent contract language regarding defense owed to CARPARTS.COM by Defendant, NGROUP, INC., is referenced in ¶ 36 above, citing ¶ 17 of The Agreement.

47. At all times relevant to this Complaint, The Agreement between CARPARTS.COM and Defendant, NGROUP, INC., was a valid and enforceable contract and in full force and effect.

48. At all times relevant hereto, CARPARTS.COM has fully and/or substantially performed all covenants, conditions, and obligations required of it to be performed in accordance with the terms and conditions of said agreements, and based thereon, CARPARTS.COM is entitled to be provided a defense by Defendant, NGROUP, INC.

92060201.1

49. On May 6, 2021, pursuant to the terms of The Agreement, CARPARTS.COM tendered defense of Frank Perez's claim to Defendant, NGROUP, INC.

50. On May 19, 2021, Defendant, NGROUP, INC., informed CARPARTS.COM it would not be accepting CARPARTS.COM's tender despite its promise to do so, thus constituting a material breach of The Agreement.

51. As a direct and proximate result of said Defendant, NGROUP, INC.'s, CARPARTS.COM has been damaged in in that they have been forced to expend, and will continue to expend in the future, costs and fees in the defense of this matter for a sum that is currently not ascertainable, but according to proofs, but in no event less than $1,000,000.00.

WHEREFORE, Plaintiff, CARPARTS.COM demands judgment against Defendant, NGROUP, INC, in the amount of $1,000,000.00, along with any applicable interest, costs, and any other such relief as deemed just and proper under the law.

## COUNT III
### For Breach of Contract

52. CARPARTS.COM re-alleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs, ¶¶1-52, as though fully set forth herein Count III.

53. On or about March 3, 2020, CARPARTS.COM and Defendant, NGROUP, INC., entered into a valid and enforceable contract (The Agreement) wherein Defendant, NGROUP, INC., agreed to provide certain labor and production management services to CARPARTS.COM in positions staffed and managed by Defendant, NGROUP, INC.

54. At all times relevant to this Complaint, The Agreement between CARPARTS.COM and Defendant, NGROUP, INC., was a valid and enforceable contract and in full force and effect.

55. At all times relevant hereto, CARPARTS.COM provided training to various "training personnel" from Defendant, NGROUP, INC., including training on and distribution of

92060201.1

the manufacturer's manual for all equipment to be used by Defendant, NGROUP, INC.'s personnel, including Frank Perez.

56. At all times relevant hereto, Defendant, NGROUP, INC.'s training personnel were then responsible to both train and provide supervision of Defendant, NGROUP, INC.'s employees, including Frank Perez.

57. At all times relevant hereto, The Agreement was in full effect and Defendant, NGROUP, INC., provided personnel, including Frank Perez, pursuant to its terms.

58. At all times relevant hereto, Defendant, NGROUP, INC., owed CARPARTS.COM a duty to perform, operate, manage, supervise, and control its work and employees with reasonable care.

59. Notwithstanding said duty, at all times relevant hereto, the Defendant, NGROUP, INC., by and through its agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions that constituted one or more material breaches of The Agreement:

   a. Failed to appropriately and sufficiently train all employees, including Frank Perez, regarding the safe and proper transfer from order pickers;
   b. Failed to appropriately and sufficiently train all employees, including Frank Perez, regarding the safe and proper use of a safety harness;
   c. Failed to appropriately and sufficiently supervise all employees, including Frank Perez, regarding the safe and proper use of a safety harness;
   d. Failed to appropriately and sufficiently monitor all employees, including Frank Perez, regarding the safe and proper removal of boxes, products, and other items from shelving units;
   e. Failed to appropriately and sufficiently discipline all employees, including Frank Perez, regarding the safe and proper removal of boxes, products, and other items from shelving; and
   f. Failed to timely and appropriately inform its agents, servants, and employees of the wide scope of potential hazards, such as falls and falls from high overhead pallets, similar to the fall sustained by Frank Perez, despite have actual knowledge of said potential hazards;
   g. Despite having actual and/or constructive knowledge of the wide scope of potential hazards, such as falls and falls from high overhead pallets, similar to the fall sustained by Frank Perez, Defendant NGROUP, INC., failed to warn its employees, including Frank Perez, of said hazards.

92060201.1

60. At all times relevant hereto, CARPARTS.COM has fully and/or substantially performed all covenants, conditions, and obligations required of it to be performed in accordance with the terms and conditions The Agreement, except those, if any, excused on account of Defendant, NGROUP, INC.'s breach of The Agreement.

61. As a direct and proximate result of Defendant, NGROUP, INC.'s breach of contract, CARPARTS.COM has been damaged in that they have been forced to expend, and will continue to expend in the future, costs and fees in the defense of this matter for a sum that is currently not ascertainable, but according to proofs, but in no event less than $1,000,000.00.

WHEREFORE, Plaintiff, CARPARTS.COM demands judgment against Defendant, NGROUP, INC, in the amount of $1,000,000.00, along with any applicable interest, costs, and any other such relief as deemed just and proper under the law.

## COUNT IV
### For Declaratory Relief

62. CARPARTS.COM re-alleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs, ¶¶1-61, as though fully set forth herein Count IV.

63. A dispute has arisen and an actual controversy now exists between CARPARTS.COM and Defendant, NGROUP, INC., in that CARPARTS.COM contends that it is entitled to total indemnity, equitable indemnity, implied indemnity, contractual defense and indemnity, apportionment, and/or contribution for Frank Perez's claims and damages for personal injury and worker's compensation arising from The Incident while Defendant, NGROUP, INC., and each of them, deny such obligations as evidenced by Defendant's refusals and breaches under The Agreement.

92060201.1

64. CARPARTS.COM further contends that it is entitled to defense, indemnity, and complete insurance coverage for the matters, claims, and damages asserted by Frank Perez arising from The Incident.

65. This controversy has harmed and damaged CARPARTS.COM.

66. CARPARTS.COM desires a judicial determination and a judgment in CARPARTS.COM's favor as to any obligations of said Defendant, NGROUP, INC. to CARPARTS.COM herein.

67. Without a declaratory finding and judicial determination defining the respective rights, duties, and obligations of Defendant, NGROUP, INC., in connection with the matters herein alleged, the harms and damages caused by the Defendant, NGROUP, INC. will persist while new harms and damages will be incurred.

WHEREFORE, CARPARTS.COM prays for judgment against Defendant, NGROUP, INC., as follows:

1. For general, special, incidental, consequential, and compensatory damages according to proof at trial but not less than $1,000,000.00;

2. For a declaration that Defendant, NGROUP, INC., is responsible for any sums awarded to Frank Perez, and each of them, or to other CARPARTS.COMs, or any of them;

3. For a declaration that Defendant, NGROUP, INC., is responsible for and must defend, indemnify and hold CARPARTS.COM harmless from and against any and all claims, demands, damages, judgments, or liabilities, including, but not limited to, litigation costs and attorneys' fees reasonably necessary to mitigate damages arising out of this action or any cross-actions and to defend against such actions;

4. For a declaration of the amount for which each Defendant, NGROUP, INC., is obligated to indemnify or contribute to Frank Perez or CARPARTS.COM;

5. For attorneys' fees and for costs of all litigation related to the Incident incurred herein; and

6. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /S/ *Thomas Wolf*
One of the Attorneys for Defendant

Thomas Wolf
Bryan A. Ruggiero
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 W. Adams Street, Suite 300
Chicago, IL 60661
(312) 345.1718/Fax: (312) 345.1778
Thomas.Wolf@lewisbrisbois.com
Bryan.Ruggiero@lewisbrisbois.com

92060201.1

## CERTIFICATE OF SERVICE

I hereby certify that, on March 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the foregoing on counsel of record.

*s/ Thomas M. Wolf*

92060201.1